# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **In re:** ) | |
| **Tanya Yoder** ) | Chapter 13 Case No. **13-40614** |
| ) | |
| ) | Judge Kay Woods |
| ) | |
| ) | ■ Original Chapter 13 Plan |
| ) | ☐ Modified/Amended Chapter 13 Plan |

*******************************************************************************

### ATTENTION CREDITORS AND PARTIES IN INTEREST.

This Plan sets forth how Debtor proposes to pay claims. Creditors should review the Plan to determine how their claims will be treated. Creditors must exercise their own judgment in deciding whether to accept or oppose the Plan. Each creditor should read this Plan carefully and discuss it with his/her attorney. Anyone who wishes to oppose any provision of this Plan must file with the Court a timely written objection unless such objection is one provided for in Article IV, below. This Plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. **Creditors must file a proof of claim with the Clerk of the Bankruptcy Court in order to receive distributions under this Plan. Absent an objection by the Debtor or other party in interest, the Trustee shall pay claims as filed. All claims must comply with FED. R.BANKR. P. 3001 and secured claims must comply with FED. R. BANKR. P. 3001(c). Creditors claiming a right to interest should state the interest rate and the total amount of the claim, as of the case filing date, on the front page of the proof of claim.**

---

**ARTICLE I.    PLAN PAYMENTS**

Within ten (10) days after the filing of this bankruptcy case, the Debtor or Debtors in a joint case (hereinafter "Debtor") shall commence making monthly Plan payments ("Plan Payments") pursuant to 11 U.S.C. § 1326(a)(1), as follows:

**1 A.**    To the Standing Chapter 13 Trustee (hereinafter "Trustee"): $__**375.00**__ per month, for a period of __**60**__ months, payable in

■ monthly   ☐ semi-monthly   ☐ bi-weekly   ☐ weekly    installments of $__**375.00**__ each.

**1 B.**    Upon request of the Trustee, subject to objection by Debtor, the Debtor may be required to devote all annual federal, state and/or local income tax refunds (excluding earned income credits and child care credits) greater than $1,500.00 (One Thousand Five Hundred Dollars) ("Excess Tax Refund"), to the repayment of creditors under this Plan, which contribution shall be in addition to the payments in Article 1A above, and the dividend to general unsecured creditors shall increase commensurate with the additional contribution.

**1 C.**    Based upon claims filed and payments received by the Trustee, the Plan, after confirmation, may extend beyond its stated term without further application or notice, but in no event shall it extend beyond sixty (60) months after confirmation.

**1 D.**  If a Plan proposes a dividend in an amount to which no objection is filed by a creditor or party in interest and such dividend is increased by agreed order between Trustee and Debtor, based on claims then filed or estimated and, subsequent to such increase, additional claims are thereafter allowed, the dividend to general unsecured creditors may be reduced to an amount, not less than provided for in the original Plan for which creditors were provided notice, without further hearing or additional notice to creditors.

### ARTICLE II.   TREATMENT OF CREDITORS

**2 A.**  <u>General Unsecured Claims</u> - Each creditor holding an allowed general unsecured claim shall be paid a dividend of at least __32__ % of the amount of the allowed claim.  No interest shall be paid on any unsecured claim unless (i) specifically provided for by the Plan; and/or (ii) as provided by operation of law.

**2 B.**  <u>Co-debtor Obligations</u> - The following unsecured consumer debts for which there is a non-Debtor co-signor shall be separately classified and paid:

☐   (a)   In full through the Plan:

| Creditor | Amount |
|---|---|

☐   (b)   Directly by the non-Debtor co-obligor outside the Plan:

| Creditor | Amount |
|---|---|

☐   (c)   Through the Plan in manner provided for payment of general unsecured claims:

| Creditor | Amount |
|---|---|

**2 C.**  <u>Priority Claims</u> - All allowed claims entitled to <u>priority</u> under 11 U.S.C. § 507 shall be paid in full in deferred cash payments over the projected term of the Plan, unless a holder of a particular claim agrees to a different treatment.  In addition to the costs of administration, which are to be paid in accordance with the standing orders of this Court, these claims include:

| Creditor | Amount |
|---|---|
| -NONE- | |

**2 D.**  <u>Secured Claims for Which § 506 Valuation is Not Permitted</u> - 11 U.S.C. § 1325(a) (*i.e.,* 910-DAY VEHICLE CLAIMS AND SECURED DEBTS INCURRED WITHIN ONE YEAR).   Each of the following allowed claims shall be paid through the Plan, in equal monthly payments, until the amount of the secured claim, as set forth in the creditor's proof of claim or by separate order of the Court, has been paid in full. Claims listed in this subsection consist of debts secured by (i) a purchase money security interest in a vehicle acquired within 910 days preceding the filing of the bankruptcy petition for the personal use of the Debtor; or (ii) anything of value if the debt was incurred during the 1-year period preceding the filing of the petition.

| Creditor | Proposed Amount of Allowed Secured Claim | Interest Rate |
|---|---|---|
| -NONE- | | |

**2 E.** **Secured Claims - Residence/Real Property** - Secured claim(s) secured only by a lien on Debtor's residence, the last payment upon which debt is due after the date on which the final payment under the Plan is due, shall survive discharge, and shall receive current monthly payments pursuant to the underlying contract between creditor and Debtor. Secured creditors listed below shall be paid directly by the Debtor "outside" the Plan unless otherwise indicated in Article XII, below. The arrearage, if any, will be paid by Trustee through the Plan over the projected term of the Plan. No interest shall be paid on any pre-petition mortgage arrearage as part of the cure of the default.

| Creditor | Arrearage Amount |
|---|---|
| 1. Chase Home Finance | 6,763.17 |

**2 F.** **Secured Claims - Other** - The following allowed secured claims shall be paid by the Trustee through the Plan. Each claim is secured to the extent of the value of the corresponding collateral, as indicated below; provided, however, that the amounts set forth herein are not binding valuations of the collateral. The remainder of the claim, if any, is unsecured. Payments shall be made in equal monthly payments over the projected term of the Plan.

| Creditor | Value of Security | Interest Rate | Amount of Claim(s): Secured/Unsecured |
|---|---|---|---|
| -NONE- | | | / |

A holder of a secured claim shall retain the lien securing such claim until the amount for which the claim is allowed, both secured and unsecured, is paid in full or a discharge is granted, pursuant to 11 U.S.C. § 1328.

**2 G.** **Adequate Protection Payments Pending Plan Confirmation** - All adequate protection payments required by § 1326(a)(1)(A) and (C) shall be made pursuant to Administrative Order No. 05-10.

**2 H.** **Lien Avoidance** - The Debtor proposes to (i) avoid the lien(s) held by the following creditors by separate motion or adversary proceeding pursuant to 11 U.S.C. §§ 522(f), 506(a) and (d) or other applicable provisions of the Bankruptcy Code; and (ii) pay claims based on these liens as a general unsecured claim(s) upon the entry of a final order by the Court determining that such avoidance is proper and allowed.

| Creditor | Amount |
|---|---|
| -NONE- | |

**2 I.** **Domestic Support Obligations Pursuant to 11 U.S.C. § 101(14A)**

Debtor ☐ Does ■ Does Not have domestic support obligation(s).

If the Debtor does have domestic support obligation(s):
The holders of any claims for domestic support obligations pursuant to 11 U.S.C. § 1302(d) are as specified below. If the holder of a claim is a minor, the name and address of such minor has been disclosed to the Trustee contemporaneously with the filing of this Plan in compliance with 11 U.S.C. § 112.

| Holder | Address of Holder (If known) | Address of Child Enforcement Support Agency (Mandatory) |
|---|---|---|
| -NONE- | | |

Trustee shall pay, pursuant to 11 U.S.C. § 507(a)(1) over the term of the Plan, the allowed arrearage claims for domestic support obligations. Debtor shall directly pay all post-petition domestic support obligations as those payments ordinarily come due.

| Payee | Address | Arrearage Claim |
|---|---|---|
| **-NONE-** | | |

**2 J.** **Executory Contracts and Unexpired Leases** - All executory contracts and unexpired leases are rejected <u>except</u> the following, which are assumed and shall be paid:

☐ (a) Directly by the Debtor to the creditor outside the Plan:

| Creditor | Identification of Contract/Property | Arrearage Amount |
|---|---|---|

☐ (b) By the Trustee through the Plan:

| Creditor | Identification of Contract/Property | Arrearage Amount |
|---|---|---|

Any cure payment for arrearage on an assumed contract shall be paid through the Plan in equal monthly installments over the term of the Plan.

**2 K.** **Post-petition claims** - Creditors, subject to objection by the Debtor, may elect to file a claim for a post-petition obligation, the filing of which claim will require the creditor to receive and accept that amount provided for similarly situated creditors in the Debtor's Plan. The Debtor may be required to file a modification the Plan to provide sufficient funds to enable payment of such post-petition claim(s).

### ARTICLE III. PROPERTY TO BE SURRENDERED

The Debtor will surrender property to the creditor(s) listed below and the creditor may file a claim for the deficiency, which will be treated as a non-priority general unsecured claim. Any unsecured deficiency claim must be filed the <u>later</u> of: (i) the time period provided for filing proofs of claim; or (ii) ninety (90) days after entry of a final order that provides for surrender or abandonment of the collateral. If the creditor does not timely file a claim, such creditor shall be deemed to have accepted the surrendered property in full satisfaction and discharge of the debt and shall be barred from participating in any payment for such debt under the Debtor's Plan.

| Creditor | Property Description |
|---|---|
| **Capital One Auto Finance** | **2008 Ford Escape** |
| **Springleaf Financial Services** | **2001 Dodge Ram** |
| | **2007 Johnny Page Motorcycle** |

### ARTICLE IV. TIME PERIOD FOR OBJECTION TO PROPOSED TREATMENT OF CLAIM

As set forth above, Trustee shall pay claims as filed absent an objection by Debtor or other party in interest. A creditor may file (i) a proof of claim at any time prior to expiration of the bar date for filing proofs of claim in an amount other than as provided in this Plan; or (ii) in the alternative, an objection to the proposed Plan treatment, with respect to the amount, classification or priority of a claim. A creditor may object to a modified Plan within thirty (30) days after such modified Plan is filed, if the modified Plan changes the amount, classification or priority of such creditor's claim. The order of confirmation shall not be *res judicata* to the Court's consideration of any timely filed proof of claim.

### ARTICLE V. DEBTOR'S DUTY TO REPORT CHANGE OF STATUS

If any of the following events occur, Debtor shall fully and timely disclose the event to the Trustee and shall file any appropriate notice, application and/or motion with the Court and serve the Trustee:

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

- Any change in marital status or child/spousal support payments;
- Any change in employment;
- Any change of address; and/or
- Any financial recovery to which Debtor becomes entitled for any reason, including without limitation, any personal injury claim, claim relating to termination of employment, workers' compensation claim, unemployment claim, social security claim, inheritance, life insurance benefits, lottery proceeds or property settlement.

## ARTICLE VI. COURT APPROVAL FOR SALE OF ASSETS OR INCURRENCE OF DEBT

During the pendency of this case, the Debtor is required to obtain Court approval prior to (i) transferring or selling assets (including refinancing real estate and/or leasing oil and gas rights); (ii) incurring obligations (including refinancing of current obligations); and/or (iii) making purchases on credit in excess of $1,000.00, except for normal and reasonable expenses for the maintenance or support of the Debtor and/or the Debtor's dependent(s). In addition, the Debtor is required to obtain Court approval prior to exercising any purchase option upon which an executory contract is proposed to be assumed by the Debtor in this Plan in Article II 2J, above.

## ARTICLE VII. VESTING OF TITLE

■ (a) Title to the Debtor's property shall re-vest in the Debtor upon the completion of payments called for under the Plan and the issuance of the Debtor's discharge; or

☐ (b) Title to the Debtor's property shall re-vest in the Debtor upon Plan confirmation, subject to 11 U.S.C. § 348.

If no box is checked, (a) shall apply.

## ARTICLE VIII. DEADLINE TO FILE PROOF OF CLAIM

Except as provided in Article III, above, the deadline for a creditor (except a governmental unit) to file a proof of claim to participate in the distribution under this Plan shall be NINETY (90) DAYS after the originally scheduled FIRST MEETING OF CREDITORS (Section 341 Meeting) or as otherwise authorized by law and order of the Court. Creditors who fail to timely file proof(s) of claim shall have their debts discharged pursuant to 11 U.S.C. § 1328.

## ARTICLE IX. DISMISSAL OR CONVERSION TO CHAPTER 7

1. If the Debtor's case is dismissed or converted prior to confirmation, undistributed funds received by the Trustee from post-petition property shall be paid in the following order: (1) court costs; (2) the Trustee fees if authorized by specific court order; (3) adequate protection payments provided in Administrative Order No. 05-10; (4) Debtor's attorney fees; and (5) the Debtor.

2. In a case converted to chapter 7, funds received by the Chapter 13 Trustee after confirmation but prior to entry of the conversion order shall be distributed to creditors according to the terms of the Debtor's Plan.

## ARTICLE X. PAYMENT OF DEBTOR'S ATTORNEY FEES

Attorney fees for Debtor's counsel shall be paid pursuant to Administrative Order No. 12-01.

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com        Best Case Bankruptcy

**ARTICLE XI. SOURCE OF EXEMPTIONS**

The Debtor is claiming exemptions allowed pursuant to Ohio Revised Code § 2329.66. The Debtor shall provide separate written notice to the Trustee and the Court, pursuant to Administrative Order No. 08-11, if exemptions are or will be claimed other than O.R.C. § 2329.66.

**ARTICLE XII.     ADDITIONAL PROVISION**

Any deviations (additions, deletions or changes) from this form Plan are required to be set forth below and should not contain a restatement of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or Local Bankruptcy Rules.

Software Copyright (c) 1996-2013 CCH INCORPORATED - www.bestcase.com          Best Case Bankruptcy

Date: **April 22, 2013**

**/s/ Tanya Yoder**
**Tanya Yoder**
Debtor

**/s/ Charles Kidder**
**Charles Kidder #0080604**
Attorney for Debtor